UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RAY GHAZVINI,<br><br>    Plaintiff,<br><br>    v.<br><br>PITTSBURGH WHOLESALE GROCERS, INC. et al.,<br><br>    Defendants. | Case No. 3:14-cv-03761-JSC<br><br>**ORDER GRANTING MOTION TO REMAND AND DENYING REQUEST FOR ATTORNEY'S FEES**<br><br>Re: Dkt. No. 10 |

Plaintiff Ray Ghazvini ("Plaintiff") sued his former employer—Defendant Pittsburgh Wholesale Grocers, Inc., dba PITCO FOODS 1, ("PITCO") and Defendant Pacific Groservice, Inc., dba PITCO FOODS 1, (collectively, "Defendants")—for various labor law violations in the Superior Court for the County of Alameda. Defendants subsequently removed the action to this Court alleging federal question jurisdiction. Now pending before the Court is Plaintiff's motion to remand and request for attorney's fees. (Dkt. No. 10.) After carefully considering the parties' submissions, and having had the benefit of oral argument on November 6, 2014, the Court concludes that the totality of the circumstances favors construing Plaintiff's complaint as alleging only state law causes of action that do not raise a "substantial question" of federal law, and therefore GRANTS Plaintiff's motion to remand. Nevertheless, because Defendants had an objectively reasonable basis for removal, the Court DENIES Plaintiff's request for attorney's fees.

**FACTUAL AND PROCEDURAL BACKGROUND**

Plaintiff was employed by PITCO from August 31, 1998 until his termination on January 30, 2014. (Complaint ¶¶ 9–10.)

On July 16, 2014, Plaintiff filed suit against Defendants in the Superior Court of California, County of Alameda (Case No. RG14733198), alleging that he was improperly

classified as an exempt employee throughout his employment with PITCO and that he was not paid statutory overtime. (*Id.* ¶ 9.) Plaintiff's complaint appears to assert the following four causes of action: (1) failure to pay all wages due (overtime and accrued paid time off) in violation of California Labor Code ("CLC") §§ 227.3, 510, and 1194, Industrial Welfare Commission ("IWC") Wage Order 4-2001, and the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 207; (2) waiting time penalties under CLC §§ 201 and 203; (3) improper wage statements in violation of CLC § 226(a); and (4) unlawful business practices under California Business and Professions Code §17200, et seq. (*Id.* ¶¶ 18–41.)

Defendants subsequently removed the case to this Court on the basis of federal question jurisdiction, asserting that removal was proper because Plaintiff's first cause of action was brought in part under the FLSA. (Dkt. No. 1 at 4.) The first cause of action specifically alleges that:

> Plaintiff did not qualify for any exemption under California law.
>
> . . . PITCO failed and refused to pay Plaintiff compensation for paid time off required by 29 USC § 207, California Labor Code §§ 227.3 and 1194, and IWC Wage Order 4-2001.
>
> . . . PITCO failed and refused to pay Plaintiff a total of $87,746.00 in overtime compensation required by the federal Fair Labor Standards Act ("FLSA"), 29 USC § 207, California Labor Code §§ 510 and 1194, and IWC Wage Order 4-2001.

(*Id.* ¶¶ 19–21.) The complaint caption characterizes the first cause of action as "FAILURE TO PAY ALL WAGES DUE, INCLUDING OVERTIME (FLSA 29 USC § 207, CAL. LABOR CODE §§ 510, 1194)." (*Id.* at 1).

Plaintiff's motion to remand and request for attorney's fees followed. (Dkt. No. 10.)

**LEGAL STANDARD**

"A motion to remand is the proper procedure for challenging removal." *Leo v. Alameda Cnty. Med. Ctr.*, No. C 06-03799 SI, 2006 WL 2669001, at *1 (N.D. Cal. Sept. 18, 2006). A district court must remand a removed action "if at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). The Ninth Circuit "strictly construe[s] the removal statute against removal jurisdiction." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). "Th[is] 'strong presumption' against removal jurisdiction means

2

1  that the defendant always has the burden of establishing that removal is proper." *Id.*

2  The Court has original "federal question" jurisdiction over civil actions "arising under"
3  federal law.  28 U.S.C. § 1331.  Removal based on jurisdiction under section 1331 is governed by
4  the "well-pleaded complaint rule." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987).  Under
5  the rule, "federal jurisdiction exists only when a federal question is presented on the face of the
6  plaintiff's properly pleaded complaint." *Id.*

## DISCUSSION

8  Plaintiff's motion for remand contends that removal was improper because the FSLA is not
9  an essential element of his complaint, and the complaint therefore does not present a federal issue
10  on its face.  (Dkt. No. 10 at 3–4.)  Defendant counters that Plaintiff's first cause of action arises
11  under federal law and includes more than just a "mere reference" to the FLSA.  (Dkt. No. 12 at 3–
12  5.)  Thus, the Court must decide whether Plaintiff's reference to the FLSA in the complaint—
13  particularly in the first cause of action for failure to pay all wages due—gives rise to federal
14  subject matter jurisdiction.  Although it is a close question, given the strong presumption against
15  removal, the totality of the circumstances weigh in favor of construing Plaintiff's cause of action
16  as one created solely by state law.  Moreover, because the resolution of an FLSA violation is not
17  an essential element of Plaintiff's state law cause of action, there is no "substantial federal
18  question," and remand is proper.

### A.   Whether the Cause of Action "Arises Under" Federal Law

20  To resolve whether removal was proper, the Court must determine whether Plaintiff's first
21  cause of action arises under federal law.  A claim "arises under" federal law where a well-pleaded
22  complaint establishes that either: (1) federal law creates the cause of action; or (2) the plaintiff's
23  right to relief necessarily depends on a resolution of a substantial question of federal law.
24  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808–09 (1988); *see also Virgin v.*
25  *Cnty. of San Luis Obispo*, 201 F.3d 1141, 1142–43 (9th Cir. 2000) ("A claim arises under federal
26  law within § 1331 if it is apparent from the face of the complaint either that (1) a federal law
27  creates the plaintiff's cause of action; or (2) if a state law creates the cause of action, a federal law
28  that creates a cause of action is a necessary element of the plaintiff's claim."). "In addition, the

plaintiff is the 'master' of her case, and if she can maintain her claims on both state and federal grounds, she may ignore the federal question, assert only state claims, and defeat removal." *Duncan v. Stuetzle*, 76 F.3d 1480, 1485 (9th Cir. 1996).

Here, the key determination is whether Plaintiff's claim for "failure to pay all wages due," on its face, is a cause of action created by state or federal law. There are two ways to construe Plaintiff's unpaid wages claim: (1) the citation to the FLSA evidences a cause of action created by federal law; or (2) the FLSA is merely an incidental reference or theory of liability within a cause of action created by California law. For the reasons explained below, the Court construes Plaintiff's claim as the latter.

### 1. Federal Law Creates Cause of Action

"Most federal-question jurisdiction cases are those in which federal law creates a cause of action." *Wander v. Kaus*, 304 F.3d 856, 858 (9th Cir. 2002). "The question whether a statute creates a cause of action, either expressly or by implication, is basically a matter of statutory construction." *Opera Plaza Residential Parcel Homeowners Ass'n v. Hoang*, 376 F.3d 831, 834 (9th Cir. 2004). An "FLSA cause of action raises a federal question, and the Court properly may exercise subject matter jurisdiction over [an] FLSA cause of action." *Hernandez v. Martinez*, No. 12-CV-06133-LHK, 2014 WL 3962647, at *3 (N.D. Cal. Aug. 13, 2014).

"Both the federal [FLSA] and California law require that an employer pay overtime wages to employees unless those employees are classified as exempt employees under the applicable law." *Rhea v. General Atomics*, 227 Cal. App. 4th 1560, 1566–67 (Cal. App. 4th Dist. 2014); s*ee* 29 U.S.C. § 207; Cal. Lab. Code § 510. To enforce these overtime provisions, both the FLSA and the CLC create an express right of action. *See* 29 U.S.C. § 216(b) ("An action to recover the liability prescribed in [section 207] may be maintained against any employer . . . in any Federal or State court of competent jurisdiction."); Cal. Lab. Code § 1194(a) ("Notwithstanding any agreement to work for a lesser wage, any employee receiving less than the legal minimum wage or the legal overtime compensation applicable to the employee is entitled to recover in a civil action the unpaid balance of the full amount of this minimum wage or overtime compensation."). Thus, the federal and state law provisions that Plaintiff cites each allow a private right of action to

4

redress an employer's alleged failure to pay overtime. The question still remains, however, whether Plaintiff's complaint—on its face—alleges a cause of action under the CLC, the FLSA, or both.

According to Plaintiff, the complaint "charges Defendants with violating only state law and nothing more," as the "main factual and legal allegations . . . allege violations of the California Labor Code." (Dkt. No. 10 at 4.) Defendants counter that Plaintiff's first cause of action charges them with violating section 207 of the FLSA, "a federal statute which expressly confers jurisdiction to a federal court." (Dkt. No. 12 at 3–4.) They maintain that Plaintiff's reference to the FLSA provided notice of an FLSA violation, "which is all that is required to state a separate claim." (*Id.* at 5.)

Defendants cite *Tan v. Dolby Laboratories., Inc.*, No. 05-03973 WHA, 2006 WL 463505 (N.D. Cal. Feb. 24, 2006), in support of their argument. In *Tan*, a complaint filed in state court alleged that the defendants deprived the plaintiff of "her right to be free from sexual discrimination . . . as provided by Title VII of the Civil Rights Act of 1964, Section 701 et seq., . . . . as well as California Government Code, §§ 12900, et seq." The *Tan* defendants removed the action to federal court based on plaintiff's reference to Title VII. *Id.* at *1. The plaintiff, on her motion to remand, maintained that the citation to Title VII did not allege a federal cause of action, but was "a mere reference to federal law provided as an illustration of public policy in support of plaintiff's sexual discrimination claim." *Id.* The court denied the motion, and held that the plaintiff's "clear invocation of Title VII . . . . can only be construed as setting forth a cause of action under Title VII." *Id.* at *2.

While the complaint here bears a strong similarity to the one in *Tan*, that decision must also be reconciled with the Ninth Circuit's holding in *Easton v. Crossland Mortgage Corp.*, 114 F.3d 979 (9th Cir. 1997). In *Easton*, the plaintiffs alleged sexual harassment in violation of Title VII of the Civil Rights Act of 1964, California Government Code § 12940, and the right of privacy under the California and federal constitutions. *Id.* at 981. The defendant removed the case to federal court based on the references to Title VII and the right of privacy, and the district court denied the plaintiff's motion for remand. *Id.* The Ninth Circuit reversed, holding that "the

5

mere reference of a federal statute in a pleading will not convert a state law claim into a federal cause of action if the federal statute is not a necessary element of the state law claim and no preemption exists." *Id.* at 982. The Ninth Circuit noted that "the plaintiffs alleged state law claims which included incidental reference to a federal statute and the U.S. Constitution," and that the "remedies sought were founded exclusively on state law." *Id.* Moreover, "[a]ny lingering apprehension about the plaintiffs' intentions was resolved by plaintiffs' immediate actions clarifying their intent upon removal," as they "adamantly eschewed relief based on federal law." *Id.* "Taking into account all of these circumstances, the district court should have granted the motion to remand and erred in failing to do so." *Id.*

The Court finds the situation here more analogous to *Easton* than *Tan*. Unlike *Tan*, Plaintiff's "clear invocation" of the FLSA does not mean that his claim can "only be construed as setting forth a cause of action under" federal law. Defendants contend that the plain language of the complaint suggests that Plaintiff seeks to pursue a FLSA claim as well as a claim under state law. Defendants note that Plaintiff (a) twice uses language that claims Defendants failed to act in a manner "required by" the FLSA (*see* Complaint ¶¶ 20–21); and (b) invokes FLSA section 207 in the complaint caption for the first cause of action, further evidencing an intent to bring a cause of action under federal law (*see id.* at 1). While this language suggests a federal claim, it must be weighed against competing factors present in the complaint.

First, the entire basis for Plaintiff's first cause of action (and the remaining derivative claims in the complaint) is the allegation that he was improperly classified as an exempt employee, when he "did not qualify for any exemption under California law." (*See id.* ¶ 19.) Plaintiff does not include any discussion of exemptions under federal law. Plaintiff also references multiple sections of the CLC and an IWC Wage Order, compared to one section of the United States Code. (*See id.* ¶¶ 20–21.) Moreover, Plaintiff cites the section of the CLC that creates a private right of action for failure to pay overtime wages (section 1194), but does not cite the identical provision of the FLSA. (S*ee id.*) This omission supports an inference that Plaintiff intended to allege a cause of action solely under state law. Lastly, as in *Easton*, Plaintiff makes no reference to federal law

in his prayer for relief and has "adamantly eschewed relief based on federal law" upon removal.[1] *See Easton*, 114 F.3d at 981.

While it is a close call, given the Ninth Circuit's "strong presumption" against removal and that the factors present in *Easton* are present here, the Court construes Plaintiff's cause of action for "failure to pay all wages due" as a state law claim under the CLC and IWC Wage Order. The only remaining question, then, is whether this cause of action raises a substantial question of federal law.

### 2. Substantial Question of Federal Law

When analyzing a cause of action brought under state law, a claim supported by alternative theories in the complaint may not form the basis for federal question jurisdiction unless federal law is *essential* to each of those theories. *Christianson*, 486 U.S. at 810; *Duncan*, 76 F.3d at 1486. "[T]he mere presence of a federal issue in a state cause of action does not automatically confer federal question jurisdiction." *Merrell Dow Pharms. Inc. v. Thompson*, 478 U.S. 804, 813 (1986); *see also Morales v. Prolease PEO, LLC*, 2011 WL 6740329, at *3 (C.D. Cal. Dec. 22, 2011) ("A claim does not present a 'substantial question' of federal law merely because a federal question is an 'ingredient' of the cause of action."). "[I]f a single state-law based theory of relief can be offered for each of the . . . causes of action in the complaint, then the exercise of removal jurisdiction was improper." *Duncan*, 76 F.3d at 1486.

Plaintiff maintains that his complaint "simply alleges that because Defendants' conduct runs afoul of the[] FLSA regulations, the same conduct constitutes violations of the CLC and the IWC Wage Orders." (Dkt. No. 10 at 4.) Defendants claim that this argument is proof that "Plaintiff intends to make the question of whether or not Defendants violated the FLSA a central issue in this action." (Dkt. No. 12 at 5.)

While similar in certain regards, the FLSA and California labor laws operate under different standards. "Although California law on the issue is patterned to some extent on federal

---

[1] At oral argument Plaintiff admitted that it may have been a mistake to reference the FLSA, and offered to amend his complaint to remove all references to federal law if it would clarify his intent to pursue only state law claims.

7

law, the FLSA explicitly permits greater employee protection under state law, allowing states to regulate overtime wages." *Rhea*, 227 Cal. App. 4th at 1567 (internal citations and quotation marks omitted). For instance, "Section 203(g) of the FLSA defines 'employ' to include 'suffer or permit to work' which courts have interpreted to mean 'with the knowledge of the employer.'" *Washington v. Crab Addison, Inc.*, No. C 08–5551 PJH, 2010 WL 2528963, at *3 (N.D. Cal. June 18, 2010). Thus, "a claim brought under FSLA § 207 may arguably require proof of some level of employer knowledge," whereas "California Labor Code § 510 does not contain this statutory language and cannot be subjected to the same analysis." *Id.* Similarly, wage orders issued by the IWC "do not incorporate the federal definition of employment." *Martinez v. Combs*, 49 Cal. 4th 35, 52 (Cal. 2010).

California courts have recognized that the FLSA can "provide useful guidance in applying state law." *Huntington Mem'l Hosp. v. Super. Ct.*, 131 Cal. App. 4th 893, 903 (Cal. App. 2d Dist. 2005) (analyzing FLSA section 207 in state law unfair business practices claim for failure to pay overtime under Cal. Labor Code section 510). However, the two statutes that Plaintiff cites in his claim for failure to pay overtime—FLSA section 207 and CLC section 510—"cannot be subjected to the same analysis." *Washington*, 2010 WL 2528963, at *3. Thus, while the finding of an FLSA violation may be instructive or helpful in proving a state law claim for failure to pay overtime, it is not an *essential* element of a cause of action brought under the CLC and IWC Wage Order. Plaintiff can maintain his cause of action relying solely on California law.

Therefore, Plaintiff has offered "a single state-law based theory of relief . . . for each of the . . . causes of action in the complaint, [and] the exercise of removal jurisdiction was improper." *See Duncan*, 76 F.3d at 1486. Based on the foregoing, the Court construes Plaintiff's first cause of action as a claim created by state law that raises no substantial question of federal law, and therefore GRANTS Plaintiff's motion to remand.

### B. Attorney's Fees

A court remanding a case may "require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). "Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the

removing party lacked an objectively reasonable basis for seeking removal." *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 141 (2005). "Conversely, when an objectively reasonable basis exists, fees should be denied." *Id.*

Contrary to Plaintiff's assertion at oral argument, it was not "obvious" that his claim arose solely under state law. As stated above, the question was a close one, and removal would have been proper had the Court found *Tan* more persuasive than *Easton*. Given the presence of the FLSA in the complaint's caption page (which Plaintiff conceded was his error) and first cause of action, Defendants had an objectively reasonable basis to seek removal on federal question grounds.

The Court therefore DENIES Plaintiff's request for attorney's fees.

## CONCLUSION

For the reasons stated above, the Court GRANTS Plaintiff's motion to remand and DENIES Plaintiff's request for attorney's fees.

**IT IS SO ORDERED**.

Dated: November 17, 2014

JACQUELINE SCOTT CORLEY
United States Magistrate Judge